EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN MARTÍNEZ, acusado y apelante.

No. 3549.—*Sometido:* Noviembre 22, 1928. *Resuelto:* Febrero 12, 1929.

*Pedro Baigés Gómez,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La denuncia, base de esta causa, dice, en lo pertinente, así:

"Yo, L. Sevillano, Capitán del Puerto, vecino de Mayagüez, P. R., Calle de Aduana, número 25, de 48 años, formulo denuncia contra Juan Martínez, por delito de infracción al artículo 329 del Código Penal, cometido de la manera siguiente: Que en 18 de octubre de 1927, y en el Barrio Algarrobo, sitio La Playita, en la jurisdicción del Distrito Judicial Municipal de Mayagüez, P. R., que es parte de la del Distrito Judicial de Mayagüez, P. R., el acusado Juan Martínez, dueño de una casa situada en terrenos pertenecientes a El Pueblo de Puerto Rico, en el sitio La Playita, Barrio Algarrobo de Mayagüez, P. R., ilegal y maliciosamente, con el fin de estorbar el

bienestar del vecindario y el libre uso de terrenos de dominio público, mantiene una cerca distante algunos metros de su casa, con portones que se cierran con candados, cuyas llaves tiene el denunciante o sus inquilinos o encargados, cuya cerca encierra terrenos de dominio público ocasionados por accesiones y aterramientos ocasionados por el mar pertenecientes a El Pueblo de Puerto Rico.

"Que la referida cerca se compone de estacones clavados en el terreno, unidos entre sí por alambre de púas y con los dos portones antes mencionados."

El artículo 329, tal como fué enmendado por la Ley No. 60 de 1912, lee como sigue:

"Todo lo que fuere perjudicial a la salud, indecoroso u ofensivo a los sentidos, o que obstruyere el libre goce de alguna propiedad de modo que estorbare el bienestar de toda una sociedad o vecindario, o un gran número de personas, o que ilegalmente obstruyere el libre tránsito. en la forma acostumbrada, por cualquier lago, río, bahía, corriente, canal o cuenca navegable, o por cualquier parque, plaza, calle o carretera pública, constituye un estorbo público (nuisance) ; . . ."

La sentencia expresa:

"Dada lectura de la denuncia, el acusado se declaró no culpable, y practicada la prueba del Pueblo se entró en la de la defensa, siendo ésta suspendida a petición del Ministerio Fiscal, para practicar una inspección ocular en el sitio de los sucesos que motivaron esta denuncia. Hecha ésta, se llamó el caso nuevamente para la continuación del juicio el día 27 de enero de 1928. Terminada la prueba, el abogado de la defensa solicitó la absolución del acusado por entender que éste no era culpable del delito que se le imputaba. La Corte después de oír los argumentos orales de ambos letrados se reservó su resolución hasta el día 30 del mismo mes de enero de 1928, en el cual día hubo de ser pospuesto tal acto de pronunciamiento de sentencia, hasta el día de hoy, 6 de febrero de 1928 en que la Corte declara sin lugar dicha moción, y en consecuencia, estando presentes El Pueblo de Puerto Rico por su fiscal Hon. José R. Gelpí y el acusado Juan Martínez asistido de su abogado Ledo. Pedro Baigés Gómez, dicta sentencia declarando al acusado culpable de mantener un estorbo público (misdemeanor) consistente en hacer colocar una cerca obstruyendo el libre uso de terrenos de El Pueblo de Puerto Rico, delito definido en el artículo 329 del Código Penal y castigado por el artículo 330 del mismo Código, y condena al acu-

sado Juan Martínez por dicho delito, a pagar Cinco Dólares de multa y las costas, o en su defecto, a sufrir un día de cárcel por cada dólar que dejare de satisfacer.''

■ No conforme el acusado apeló. Sostiene en su alegato que la denuncia no imputa la comisión del delito prescrito y castigado en el citado artículo 329 del Código Penal porque no alega que se obstruía el *libre goce* de la propiedad en forma tal que estorbara el bienestar de toda una sociedad o vecindario, o un gran número de personas.

Aunque la denuncia pudo redactarse en términos más positivos, creemos que imputándose como se imputa en ella al acusado el hecho de mantener una cerca con el fin de estorbar el bienestar del vecindario y el libre uso de terrenos de dominio público, es suficiente. No debe perderse de vista que se trata de una denuncia y no de una acusación.

■ La prueba fué contradictoria. El propio denunciante declaró en parte así:

''R.—Sí, señor: allá por el mes de agosto o septiembre de este año, este señor, (señalando al acusado) que es dueño de una casa enclavada en terrenos de El Pueblo de Puerto Rico en el sitio La Playita, Boca Morena, Barrio Algarrobo, de Mayagüez, y cuyo terreno es de dominio público, le puso a un lado y otro de esa casa una cerca con dos portones con candados, obstruyendo así terrenos que son del dominio público, y con eso intercepta el libre paso. Las llaves de los candados las tienen los vecinos, o ellos. Aunque en la denuncia yo puse ''denunciante,'' es ''denunciado'' lo que yo quise decir . . . Yo el 20 de septiembre le escribí una carta a él para que quitase la cerca esa, yo, como vigilante que soy de allí; y en octubre, como tenía la cerca, y todavía también está ahí la cerca, que es de alambre, lo denuncié . . . Hay dos callejones, uno a la parte norte y otro a la parte sur, pero para atravesar de un lado y otro, como las casas que dan al mar bajan su cerca allí dejando un espacio de alrededor de quince o veinte metros, dejando la casa que es del señor (del acusado) por la de doña Luisa Geyleger, por allí se pasa de un extremo a otro . . . El vecindario pasa según al sitio que tenga que ir, bien del norte, bien del sur, y por esta casa del acusado, que no se puede pasar . . . Yo acostumbraba pasar, y el policía Candelario también pasaba. Aquello estaba completamente abierto al público, todo aquello ahí hay unas cuantas casas, dos de

doña Luisa Delgado de Geyleger, y también tiene el paso de una señora, doña Minnie de Lange, que tiene su garage allá, y tiene que pasar de su casa al garage. Esta señora era testigo, y por estar en San Juan no ha podido venir."

Y el otro testigo del fiscal, Rafael Fernández, inspector de sanidad, depuso:

"R.—Pues yo estaba inspeccionando las construcciones que había en ese barrio, y entonces me llamó el señor Sevillano y me enseñó una cerca de la casa del señor que está aquí (señalando al acusado). Unicamente ví cercado el patio, y él me dijo: "vea usted esto, que lo voy a poner de testigo.

"P.—¿Para pasar usted en esa misma dirección si iba de norte a sur, usted podía pasar?

"R.—No señor, la cerca tiene dos portones con candados, uno hacia el norte y otro hacia el sur."

La prueba de la defensa, consistente en las declaraciones de Juan E. Silva, José Martínez y el abogado Baigés, tendió a demostrar que la cerca, que estaba colocada hacía años, fué sólo reconstruida por el acusado y no entorpecía el tránsito público.

La corte, que practicó una inspección ocular cuyo resultado no se hizo constar en el récord y que para su mayor ilustración tuvo a la vista un plano que no conocemos, dirimió el conflicto en contra del acusado, sin que se haya demostrado que actuara movida por pasión, prejuicio o parcialidad.

*Debe confirmarse la sentencia recurrida.*